Daniel M. Glosband (DG-1944)
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109
Telephone: 617-570-1000
Facsimile: 617-523-1231

Craig P. Druehl (CD-2657)
**GOODWIN PROCTER LLP**
599 Lexington Avenue
New York, NY 10022
Telephone: 212-813-8800
Facsimile: 212-355-3333

- and -

Rodney L. Eshelman
Elizabeth L. Musser
**CARROLL, BURDICK & MCDONOUGH LLP**
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: 415-989-5900
Facsimile: 415-989-0932

Attorneys for Plaintiffs Continental Casualty Company
and The Continental Insurance Company (on its own behalf
and as successor to an insurance policy issued by
London Guarantee & Accident Company of New York)

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re:                                    )   **No.: 04-15739-SMB**
QUIGLEY COMPANY, INC.,                     )
DEBTOR                                     )
                                           )

---

**COMPLAINT**

CONTINENTAL CASUALTY
COMPANY;
THE CONTINENTAL INSURANCE
COMPANY (on its own behalf and as
successor to an insurance policy issued by
London Guarantee & Accident Company of
New York),

        Plaintiffs,

v.

PFIZER INC.;
QUIGLEY COMPANY, INC.;
AFFILIATED FM INSURANCE
COMPANY;
AIU INSURANCE COMPANY;
ALLIANZ GLOBAL RISKS U.S.
INSURANCE COMPANY (f/k/a Allianz
Insurance Company);
ALLIANZ UNDERWRITERS
INSURANCE COMPANY (f/k/a Allianz
Underwriters, Inc.);
ALLSTATE INSURANCE COMPANY
(as successor-in-interest to insurance
policies issued by Northbrook Excess and
Surplus Insurance Company f/k/a
Northbrook Indemnity Company);
AMERCIAN CENTENNIAL
INSURANCE COMPANY;
AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY (as successor-
in-interest to insurance policies issued by
Great American Surplus Lines Insurance
Company);
AMERICAN HOME ASSURANCE
COMPANY;
AMERICAN RE-INSURANCE
COMPANY;
ASSURANCES GENERALES DE
FRANCE IART;
ATLANTA INTERNATIONAL
INSURANCE COMPANY (on its own

ADV. PRO. NO.:

**PLAINTIFFS' ORIGINAL
COMPLAINT**

JURY TRIAL DEMANDED

behalf and as successor-in-interest to
insurance policies issued by Drake
Insurance Company of New York);
BIRMINGHAM FIRE INSURANCE
COMPANY OF PENNSYLVANIA;
BRITISH NORTHWESTERN
INSURANCE COMPANY LTD.;
CAISSE INDUSTRIELLE
D'ASSURANCES MUTUELLE;
CENTENNIAL INSURANCE
COMPANY;
CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON;
COLONIA VERSICHERUNG A.G.;
DAIRYLAND INSURANCE COMPANY;
EMPLOYERS INSURANCE COMPANY
OF WAUSAU (f/k/a Employers Insurance
of Wausau a Mutual Company);
EMPLOYERS MUTUAL CASUALTY
COMPANY;
EVEREST REINSURANCE COMPANY
(as successor-in-interest to insurance
policies issued by Prudential Reinsurance
Company);
EXCESS INSURANCE COMPANY
LTD.;
FEDERAL INSURANCE COMPANY;
FIRST STATE INSURANCE COMPANY;
FLORISTS' MUTUAL INSURANCE
COMPANY;
FRENCH FEDERATION OF
INSURANCE COMPANIES;
GOVERNMENT EMPLOYEES
INSURANCE COMPANY;
GRANITE STATE INSURANCE
COMPANY;
GUILDHALL INSURANCE COMPANY
LTD.;
HAFTPFLICHTVERBAND DER
DEUTSCHEN INDUSTRIE V.A.G.;
HARTFORD ACCIDENT &
INDEMNITY COMPANY;

HUDSON INSURANCE COMPANY;
ILLINOIS NATIONAL INSURANCE
COMPANY;
INSURANCE COMPANY OF NORTH
AMERICA;
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA;
INTERNATIONAL INSURANCE
COMPANY;
KOREAN REINSURANCE COMPANY;
LANDMARK INSURANCE COMPANY;
LEXINGTON INSURANCE COMPANY;
LILLOISE D'ASSURANCES;
MIDSTATES REINSURANCE
COMPANY (as successor-in-interest to
insurance policies issued by Mead
Reinsurance Company);
MOTOR VEHICLE CASUALTY
COMPANY;
MUTUELLES UNIES (f/k/a Group
Ancienne Mutuelle);
NATIONAL CASUALTY COMPANY;
NATIONAL CONTINENTAL
INSURANCE COMPANY (as successor-
in-interest to insurance policies issued by
The American Star Insurance Company);
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA;
NEW ENGLAND INSURANCE
COMPANY;
NORTH STAR REINSURANCE
CORPORATION;
OLD REPUBLIC INSURANCE
COMPANY;
ONEBEACON AMERICA INSURANCE
COMPANY (as successor-in-interest to
Commercial Union Insurance Company,
successor-in-interest to insurance policies
issued by Employers Surplus Lines
Insurance Company);
LA PRESERVATRICE FONCIERE

TIARD;
ROYAL INDEMNITY COMPANY;
SEATON INSURANCE COMPANY (as
successor-in-interest to insurance policies
issued by Unigard Mutual Insurance
Company);
LE SECOURS;
STONEWALL INSURANCE COMPANY;
TIG INSURANCE COMPANY (as
successor-in-interest to insurance policies
issued by Transamerica Insurance
Company);
TRAVELERS CASUALTY & SURETY
COMPANY (f/k/a The Aetna Casualty &
Surety Company);
TWIN CITY FIRE INSURANCE
COMPANY;
UNION DES ASSURANCES DE PARIS;
WESTCHESTER FIRE INSURANCE
COMPANY;
WESTPORT INSURANCE COMPANY
(as successor-in-interest to insurance
policies issued by Puritan Insurance
Company);
YOSEMITE INSURANCE COMPANY,

Defendants

## PLAINTIFFS' ORIGINAL COMPLAINT

Continental Casualty Company and The Continental Insurance Company (on

its own behalf and as successor to an insurance policy issued by London Guarantee &

Accident Company of New York) (collectively "Plaintiffs") file this Original Complaint.

In support of their Complaint, Plaintiffs assert the following:

## INTRODUCTION AND SUMMARY

1.     This Adversary Proceeding arises from Transit Casualty Company's

alleged issuance of liability insurance policies to Pfizer Inc. ("Pfizer") that exclude

coverage for "claims . . . arising out of asbestosis or any similar condition caused by asbestos." The Continental Insurance Company and London Guarantee & Accident Company of New York allegedly issued liability insurance policies to Pfizer during the period October 1, 1982 to October 1, 1984 that provide coverage to Pfizer and its subsidiaries, including Quigley Company, Inc. ("Quigley"), and that follow form to the policies issued by Transit Casualty Company. Continental Casualty Company allegedly issued liability insurance policies to Pfizer during the periods October 1, 1964 to January 1, 1970 and October 1, 1972 to October 1, 1975 that provide coverage to Pfizer and its subsidiaries, including Quigley, and that are the subject of a settlement agreement effective March 15, 1999.

2. Plaintiffs seek a declaration of their rights, duties, and liabilities with respect to underlying claims for bodily injury allegedly caused, in whole or in part, by exposure to asbestos or asbestos-containing products (the "Asbestos-Related Claims") for which Quigley and Pfizer seek coverage.[1]

## THE PARTIES

3. Continental Casualty Company ("CCC") is an Illinois corporation with its principal place of business in Chicago, Illinois. CCC issued liability insurance policies to Pfizer. At all relevant times, CCC has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

4. The Continental Insurance Company ("CIC") is a South Carolina corporation with its principal place of business in Chicago, Illinois, and it is a successor to an insurance policy issued by London Guarantee & Accident Company of New York

---

[1] The Injunction pursuant to 11 U.S.C. §§ 105(a) and 362(a) and Federal Rule of Bankruptcy Procedure 7065, dated December 17, 2004 (the "Injunction"), does not appear to apply to declaratory judgment actions. Should the Court deem the Injunction to apply to such actions, the Court should treat this Original Complaint as a motion for relief from the Injunction. See, e.g., Liebersohn v. Zisholtz (In re Martin's Aquarium, Inc.), 225 B.R. 868, 879 (Bankr. E.D. Pa. 1998).

("LG&A"). CIC and LG&A issued liability insurance policies to Pfizer. At all relevant times, CIC and LG&A have been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

5.    On information and belief, defendant Pfizer is a Delaware corporation with its principal place of business in New York, New York.

6.    On information and belief, defendant Quigley is a Delaware corporation with its principal place of business in New York, New York. Also on information and belief, Quigley has been a wholly owned subsidiary of Pfizer since August 25, 1968.

7.    On information and belief, defendant Affiliated FM Insurance Company ("Affiliated FM") is a Rhode Island corporation with its principal place of business in Johnston, Rhode Island. On further information and belief, Affiliated FM issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Affiliated FM has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

8.    On information and belief, defendant AIU Insurance Company ("AIU") is a New York corporation with its principal place of business in New York, New York. On further information and belief, AIU issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, AIU has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

9.    On information and belief, defendant Allianz Global Risks U.S. Insurance Company, formerly known as Allianz Insurance Company, ("Allianz Global") is a California corporation with its principal place of business in Burbank, California. On further information and belief, Allianz Global issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Allianz Global has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

10.   On information and belief, defendant Allianz Underwriters Insurance Company, formerly known as Allianz Underwriters, Inc., ("Allianz") is a California corporation with its principal place of business in Burbank, California.  On further information and belief, Allianz issued liability insurance policies to Pfizer.  Also on information and belief, at all relevant times, Allianz has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

11.   On information and belief, defendant Allstate Insurance Company ("Allstate") is an Illinois corporation with its principal place of business in Northbrook, Illinois, and is a successor-in-interest to liability insurance policies Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Indemnity Company, ("Northbrook") issued to Pfizer.  On further information and belief, at all relevant times, Allstate and Northbrook have been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

12.   On information and belief, defendant American Centennial Insurance Company ("American Centennial") is a Delaware corporation with its principal place of business in Wilmington, Delaware.  On further information and belief, American Centennial issued liability insurance policies to Pfizer.  Also on information and belief, at all relevant times, American Centennial has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

13.   On information and belief, defendant American Empire Surplus Lines Insurance Company ("American Empire") is a Delaware corporation with its principal place of business in Cincinnati, Ohio and is a successor-in-interest to liability insurance policies Great American Surplus Lines Insurance Company ("Great American") issued to Pfizer.  Also on information and belief, at all relevant times, American Empire and Great American have been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

14. On information and belief, defendant American Home Assurance Company ("American Home") is a New York corporation with its principal place of business in New York, New York. On further information and belief, American Home issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, American Home has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

15. On information and belief, defendant American Re-Insurance Company ("American Re") is a Delaware corporation with its principal place of business in Princeton, New Jersey. On further information and belief, American Re issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, American Re has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

16. On information and belief, defendant Assurances Generales de France IART ("Assurances") is a French corporation with its principal place of business in France. On further information and belief, Assurances issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Assurances has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

17. On information and belief, defendant Atlanta International Insurance Company ("Atlanta") is a New York corporation with its principal place of business in Suwanee, Georgia, and is a successor-in-interest to liability insurance policies Drake Insurance Company of New York ("Drake") issued to Pfizer. On further information and belief, Atlanta also issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Atlanta and Drake have been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

18. On information and belief, defendant Birmingham Fire Insurance Company of Pennsylvania ("Birmingham") is a Pennsylvania corporation with its

principal place of business in New York, New York. On further information and belief, Birmingham issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Birmingham has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

19. On information and belief, defendant British Northwestern Insurance Company Ltd. ("British Northwestern") is a Canadian corporation with its principal place of business in Toronto, Ontario. On further information and belief, British Northwestern issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, British Northwestern has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

20. On information and belief, defendant Caisse Industrielle D'Assurances Mutuelle ("Caisse") is a French corporation with its principal place of business in France. On further information and belief, Caisse issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Caisse has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

21. On information and belief, Centennial Insurance Company ("Centennial") is a New York corporation with its principal place of business in New York, New York. On further information and belief, Centennial issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Centennial has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

22. On information and belief, Certain Underwriters at Lloyd's, London ("Lloyd's") is comprised of certain underwriters transacting insurance-related business as an unincorporated association at Lloyd's of London and/or certain London market insurance companies, with its principal place of business unknown to Plaintiffs. On further information and belief, Lloyd's issued liability insurance policies to Pfizer. Also

on information and belief, at all relevant times, Lloyd's has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

23. On information and belief, defendant Colonia Versicherung A.G. is a German corporation with its principal place of business in Germany. On further information and belief, Colonia Versicherung issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Colonia Versicherung has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

24. On information and belief, defendant Dairyland Insurance Company ("Dairyland") is a Wisconsin corporation with its principal place of business in Stevens Point, Wisconsin. On further information and belief, Dairyland issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Dairyland has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

25. On information and belief, defendant Employers Insurance Company of Wausau, formerly known as Employers Insurance of Wausau a Mutual Company, ("Wausau") is a Wisconsin mutual company with its principal place of business in Dover, New Hampshire. On further information and belief, Wausau issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Wausau has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

26. On information and belief, defendant Employers Mutual Casualty Company ("Employers") is an Iowa corporation with its principal place of business in Des Moines, Iowa. On further information and belief, Employers issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Employers has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

27.    On information and belief, defendant Everest Reinsurance Company ("Everest Re") is a Delaware corporation with its principal place of business in Liberty Corner, New Jersey, and is a successor-in-interest to liability insurance policies Prudential Reinsurance Company ("Pru Re") issued to Pfizer. On further information and belief, at all relevant times, Everest Re and Pru Re have been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

28.    On information and belief, defendant Excess Insurance Company Ltd. ("Excess") is a British corporation with its principal place of business in London, England. On further information and belief, Excess issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Excess has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

29.    On information and belief, defendant Federal Insurance Company ("Federal") is an Indiana corporation with its principal place of business in Warren, New Jersey. On further information and belief, Federal issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Federal has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

30.    On information and belief, defendant First State Insurance Company ("First State") is a Connecticut corporation with its principal place of business in Boston, Massachusetts. On further information and belief, First State issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, First State has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

31.    On information and belief, defendant Florists' Mutual Insurance Company ("Florists") is an Illinois corporation with its principal place of business in Edwardsville, Illinois. On further information and belief, Florists issued liability

insurance policies to Pfizer. Also on information and belief, at all relevant times, Florists has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

32. On information and belief, defendant French Federation of Insurance Companies (the "FFSA Companies") are incorporated in France, with their principal place of business in France. On further information and belief, the FFSA Companies issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, the FFSA Companies have been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

33. On information and belief, defendant Government Employees Insurance Company ("GEICO") is a Maryland corporation with its principal place of business in the District of Columbia. On further information and belief, GEICO issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, GEICO has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

34. On information and belief, defendant Granite State Insurance Company ("Granite State") is a Pennsylvania corporation with its principal place of business in New York, New York. On further information and belief, Granite State issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Granite State has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

35. On information and belief, defendant Guildhall Insurance Company Ltd. ("Guildhall") is a British corporation with its principal place of business in London, England. On further information and belief, Guildhall issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Guildhall has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

**COMPLAINT**

36. On information and belief, defendant Haftpflichtverband der Deutschen Industrie V.A.G. ("HDI") is a German corporation with its principal place of business in Hannover, Germany. On further information and belief, HDI issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, HDI has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

37. On information and belief, defendant Hartford Accident & Indemnity Company ("Hartford") is a Connecticut corporation with its principal place of business in Hartford, Connecticut. On further information and belief, Hartford issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Hartford has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

38. On information and belief, defendant Hudson Insurance Company ("Hudson") is a Delaware corporation with its principal place of business in New York, New York. On further information and belief, Hudson issued a liability insurance policy to Pfizer. Also on information and belief, at all relevant times, Hudson has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

39. On information and belief, defendant Illinois National Insurance Company ("Illinois National") is an Illinois corporation with its principal place of business in Chicago, Illinois. On further information and belief, Illinois National issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Illinois National has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

40. On information and belief, Insurance Company of North America ("INA") is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. On further information and belief, INA issued liability

-14-

insurance policies to Pfizer. At all relevant times, INA has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

41. On information and belief, The Insurance Company of the State of Pennsylvania ("Pennsylvania") is a Pennsylvania corporation with its principal place of business in New York, New York. On further information and belief, Pennsylvania issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Pennsylvania has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

42. On information and belief, International Insurance Company ("International") is an Illinois corporation with its principal place of business in Manchester, New Hampshire. On further information and belief, International issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, International has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

43. On information and belief, defendant Korean Reinsurance Company ("Korean Re") is a South Korean corporation with its principal place of business in Seoul, South Korea. On further information and belief, Korean Re issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Korean Re has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

44. On information and belief, defendant Landmark Insurance Company ("Landmark") is a California corporation with its principal place of business in New York, New York. On further information and belief, Landmark issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Landmark has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

45. On information and belief, defendant Lexington Insurance Company ("Lexington") is a Delaware corporation with its principal place of business in Boston, Massachusetts. On further information and belief, Lexington issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Lexington has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

46. On information and belief, defendant Lilloise D'Assurances ("Lilloise") is incorporated in France, with its principal place of business in France. On further information and belief, Lilloise issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Lilloise has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

47. On information and belief, defendant Midstates Reinsurance Corporation ("Midstates") is an Illinois corporation with its principal place of business in Washington Township, Ohio, and is a successor-in-interest to liability insurance policies Mead Reinsurance Corporation ("Mead") issued to Pfizer. On further information and belief, at all relevant times, Midstates and Mead have been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

48. On information and belief, defendant Motor Vehicle Casualty Company ("Motor Vehicle") is an Illinois corporation with its principal place of business in New Jersey. On further information and belief, Motor Vehicle issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Motor Vehicle has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

49. On information and belief, defendant Mutuelles Unies, formerly known as Group Ancienne Mutuelle, ("Mutuelles") is a French corporation with its principal place of business in France. On further information and belief, Mutuelles issued liability policies to Pfizer. Also on information and belief, at all relevant times, Mutuelles has

-16-

been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

50. On information and belief, defendant National Casualty Company ("National Casualty") is a Wisconsin corporation with its principal place of business in Scottsdale, Arizona. On further information and belief, National Casualty issued liability policies to Pfizer. Also on information and belief, at all relevant times, National Casualty has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

51. On information and belief, defendant National Continental Insurance Company ("National Continental") is a New York corporation with its principal place of business in Mayfield Village, Ohio, and is a successor-in-interest to liability insurance policies The American Star Insurance Company ("American Star") issued to Pfizer. On further information and belief, at all relevant times, National Continental and American Star have been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

52. On information and belief, defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") is a Pennsylvania corporation with its principal place of business in New York, New York. On further information and belief, National Union issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, National Union has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

53. On information and belief, defendant New England Insurance Company ("New England") is a Connecticut corporation with its principal place of business in Boston, Massachusetts. On further information and belief, New England issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, New England has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

54. On information and belief, defendant North Star Reinsurance Corporation ("North Star") is a Delaware corporation with its principal place of business in Stamford, Connecticut. On further information and belief, North Star issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, North Star has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

55. On information and belief, defendant Old Republic Insurance Company ("Old Republic") is a Pennsylvania corporation with its principal place of business in Greensburg, Pennsylvania. On further information and belief, Old Republic issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Old Republic has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

56. On information and belief, defendant OneBeacon America Insurance Company ("OneBeacon") is a Massachusetts corporation with its principal place of business in Boston, Massachusetts, and is a successor-in-interest to Commercial Union Insurance Company ("Commercial Union"), itself a successor-in-interest to liability insurance policies Employers' Surplus Lines Insurance Company ("Employers' Surplus") issued to Pfizer. On further information and belief, at all relevant times, OneBeacon, Commercial Union, and Employers' Surplus have been authorized to do business and issue insurance policies, including liability insurance policies, in New York.

57. On information and belief, defendant La Preservatrice Fonciere Tiard ("La Fonciere") is a French corporation with its principal place of business in France. On further information and belief, La Fonciere issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, La Fonciere has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

58. On information and belief, defendant Royal Indemnity Company ("Royal") is a Delaware corporation with its principal place of business in Charlotte,

North Carolina. On further information and belief, Royal issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Royal has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

59. On information and belief, defendant Seaton Insurance Company ("Seaton") is a Rhode Island corporation with its principal place of business in Cambridge, Massachusetts, and is a successor-in-interest to liability insurance policies Unigard Mutual Insurance Company ("Unigard") issued to Pfizer. On further information and belief, at all relevant times, Seaton and Unigard have been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

60. On information and belief, defendant Le Secours is a French corporation with its principal place of business in France. On further information and belief, Le Secours issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Le Secours has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

61. On information and belief, defendant Stonewall Fire Insurance Company ("Stonewall") is a Rhode Island corporation with its principal place of business in Cambridge, Massachusetts. On further information and belief, Stonewall issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Stonewall has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

62. On information and belief, defendant TIG Insurance Company ("TIG") is a California corporation with its principal place of business in Manchester, New Hampshire, and is a successor-in-interest to liability insurance policies Transamerica Insurance Company ("Transamerica") issued to Pfizer. On further information and belief, at all relevant times, TIG and Transamerica have been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

63.     On information and belief, defendant Travelers Casualty & Surety Company, formerly known as The Aetna Casualty & Surety Company, ("Travelers") is a Connecticut corporation with its principal place of business in Hartford, Connecticut. On further information and belief, Travelers issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Travelers has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

64.     On information and belief, defendant Twin City Fire Insurance Company, formerly known as Twin City Insurance Company of Indiana, ("Twin City") is an Indiana corporation with its principal place of business in Hartford, Connecticut. On further information and belief, Twin City issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Twin City has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

65.     On information and belief, defendant Union des Assurances de Paris ("Union") is a French corporation with its principal place of business in France. On further information and belief, Union issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Union has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

66.     On information and belief, defendant Westchester Fire Insurance Company ("Westchester") is a New York corporation with its principal place of business in Philadelphia, Pennsylvania, and assumed at least one liability insurance policy Industrial Indemnity Company ("Industrial") issued to Pfizer. On further information and belief, at all relevant times, Westchester and Industrial have been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

67.     On information and belief, defendant Westport Insurance Company ("Westport") is a Missouri corporation with its principal place of business in Overland Park, Kansas, and is a successor-in-interest to liability insurance policies Puritan Insurance Company ("Puritan") issued to Pfizer. On further information and belief, at all

-20-

relevant times, Westport and Puritan have been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

68. On information and belief, defendant Yosemite Insurance Company ("Yosemite") is an Indiana corporation with its principal place of business in Evansville, Indiana. On further information and belief, Yosemite issued liability insurance policies to Pfizer. Also on information and belief, at all relevant times, Yosemite has been licensed to do business and issue insurance policies, including liability insurance policies, in New York.

## JURISDICTION AND VENUE

69. Quigley filed a bankruptcy case under chapter 11 of title 11 of the United States Code, 11 U.S.C. sections 101 et seq., on September 30, 2004 that is currently pending in the United States Bankruptcy Court for the Southern District of New York (Manhattan), Case No. 04-15739-PCB (the "Quigley Case").

70. This Adversary Proceeding is related to the Quigley Case.

71. This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1334(b). This matter is before this Court pursuant to 28 U.S.C. section 157 and this Complaint is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(2) and (9).

72. Venue is proper in this Court under 28 U.S.C. section 1409.

73. Pursuant to Federal Rule of Bankruptcy Procedure 7008(a), Plaintiffs state that they believe that this is a non-core proceeding. Plaintiffs do not consent to the entry of final orders or judgment by the bankruptcy judge.

74. Plaintiffs state their demand for a jury trial in paragraph 105, below. Pursuant to 28 U.S.C. section 157(e), Federal Rule of Bankruptcy Procedure 9015, and Local Rule 9015-1, Plaintiffs do not consent to conduct of the jury trial by the bankruptcy judge and will file a motion for withdrawal of reference pursuant to Bankruptcy Rule 5011 and Local Rule 5011-1.

## UNDERLYING CLAIMS

75.     On information and belief, the underlying Asbestos-Related Claims have been brought by thousands of individual claimants who allege that Pfizer and Quigley are liable for bodily injuries resulting from exposure to asbestos or asbestos-containing products manufactured, sold, or distributed by Pfizer or Quigley.

76.     On information and belief, the Asbestos-Related Claims have been brought in jurisdictions nationwide, including New York, and typically state claims against Pfizer and Quigley for, inter alia, negligence, breach of warranty, and strict liability.

77.     On information and belief, the Asbestos-Related Claims typically allege exposure to asbestos or asbestos-containing products over extended periods of time, with injuries purportedly occurring from the date of the first alleged exposure to the present.

## LIABILITY INSURANCE POLICIES AT ISSUE

78.     On information and belief, Transit Casualty Company issued to Pfizer policy no. UMB 950260, effective October 1, 1982 to October 1, 1983 and policy no. UMB 950324, effective October 1, 1983 to October 1, 1984 (the "Transit Policies").

79.     On information and belief, the Transit Policies by their terms are liability insurance policies that exclude coverage for "claims . . . arising out of asbestosis or any similar condition caused by asbestos."

80.     CCC issued to Pfizer policy no. RDX 9896697, effective October 1, 1964 to October 1, 1967, policy no. RDX 9255350, effective February 1, 1967 to October 1, 1969, policy no. RDX 9160814, effective October 1, 1967 to January 1, 1970, and policy no. RDX 8937268, effective October 1, 1972 to October 1, 1975 (the "CCC Policies"). The CCC Policies are the subject of a settlement agreement effective March 15, 1999 (the "Settlement Agreement") by and between Pfizer, Quigley, and CCC. The CCC Policies' limits have been paid or are being paid pursuant to the terms of the Settlement Agreement.

81. CIC issued to Pfizer policy no. SRX 1591800, effective October 1, 1982 to October 1, 1983, and policy no. SRX 1592064, effective October 1, 1983 to October 1, 1984 (the "CIC Policies").

82. LG&A issued to Pfizer policy no. SRX 2107990, effective October 1, 1983 to October 1, 1984, to which CIC is a successor (the "LG&A Policy").

83. The CIC Policies and the LG&A Policy by their terms are liability insurance policies that follow form to the Transit Policies and therefore exclude coverage for "claims . . . arising out of asbestosis or any similar condition caused by asbestos."

84. On information and belief, all insurer defendants, identified in paragraphs 7 through 68 above, issued one or more liability insurance policies that Pfizer claims potentially provide coverage for Asbestos-Related Claims (collectively the "Other Insurers' Policies").

85. On information and belief, Pfizer procured the CCC Policies, the CIC Policies, the LG&A Policy, and the Other Insurers' Policies in New York, where Pfizer and Quigley were headquartered at all relevant times, with the assistance of Pfizer's New York insurance agent(s) and broker(s).

86. On information and belief, Pfizer, through its authorized insurance agent(s) and broker(s), bargained for and understood that the CIC Policies and the LG&A Policy excluded coverage for all asbestos-related bodily injury claims arising from exposure to asbestos, including all Asbestos-Related Claims.

87. On information and belief, Pfizer and Quigley contend that the CCC Policies, the CIC Policies, the LG&A Policy, and the Other Insurers' Policies provide insurance coverage for Asbestos-Related Claims.

## QUIGLEY INSURANCE TRANSFER

88. Quigley's Third Amended Plan of Reorganization, filed October 6, 2005, sets forth a plan to (a) transfer, grant, and assign rights under the CCC Policies, the CIC Policies, the LG&A Policy, Other Insurers' Policies, and certain insurance settlement

-23-

agreements to an asbestos claimants' trust (the "Trust") and (b) otherwise breach Quigley's obligations and improperly affect the insurers' rights under such policies and settlement agreements.

89.    The CCC Policies, the CIC Policies, and the LG&A Policy do not permit Pfizer or Quigley to transfer, grant, or assign their interests in the CCC Policies, the CIC Policies, and the LG&A Policy to the Trust without the issuing insurer's consent.

90.    Plaintiffs have not consented to the transfer, grant, or assignment of any interest in the CCC Policies, the CIC Policies, the LG&A Policy, or any insurance settlement agreements to the Trust.

## FIRST CAUSE OF ACTION

### Declaratory Judgment

91.    Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 through 90.

92.    Pursuant to 28 U.S.C. section 2201, an actual justiciable controversy presently exists among Plaintiffs and defendants concerning the proper interpretation of the CIC Policies and the LG&A Policy, and the rights and obligations of Plaintiffs and defendants with respect to Asbestos-Related Claims.  Plaintiffs contend that CIC, LG&A, and Pfizer intended the CIC Policies and the LG&A Policy to exclude insurance coverage for Asbestos-Related Claims, and further contend that the CIC Policies and the LG&A Policy do not provide insurance coverage for Asbestos-Related Claims.  On information and belief, defendants Pfizer and Quigley contend that the CCC Policies, the CIC Policies, the LG&A Policy, and the Other Insurers' Policies are available to provide coverage for Asbestos-Related Claims.

93.    The issuance of relief by this Court will resolve some or all of the existing controversy between the parties.

## SECOND CAUSE OF ACTION

### Declaratory Judgment Based on Reformation

94.   Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 through 93.

95.   To the extent the asbestos exclusions incorporated by reference in the CIC Policies and the LG&A Policy are deemed not to exclude all claims for all asbestos-related diseases associated with exposure to asbestos or asbestos products generally, which Plaintiffs deny, this language was included by the mutual mistake of Pfizer on the one hand and CIC and LG&A on the other hand, or by the unilateral mistake of CIC and LG&A with knowledge by Pfizer, through its authorized agent(s) or broker(s), that the exclusion was meant to cover any and all Asbestos-Related Claims.

96.   Under New York or other applicable law, reformation of insurance policies is permitted upon mutual mistake, where the written instrument does not truly express the intent of the parties, or upon unilateral mistake, where the mistake is made by one party and with the knowledge of the other party.

## THIRD CAUSE OF ACTION

### Allocation

97.   Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 through 96.

98.   To the extent Plaintiffs are found liable to provide coverage for Asbestos-Related Claims under the CIC Policies and the LG&A Policy, or any of them, Plaintiffs contend they are entitled to an apportionment of liability during the applicable policy periods pursuant to applicable law.

## FOURTH CAUSE OF ACTION

### Anticipatory Breach of Contract Against Pfizer and Quigley

99.   Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 through 98.

100. Pfizer and Quigley, by their action and inaction, have repudiated the CCC Policies, the CIC Policies, and the LG&A Policy by indicating they do not intend to honor their contractual obligations to Plaintiffs. Pfizer and Quigley have indicated that they will transfer, grant, or assign some or all of their interests in the CCC Policies, the CIC Policies, and the LG&A Policy to the Trust and otherwise breach Quigley's obligations and improperly affect the insurers' rights under such policies and settlement agreements without the consent of Plaintiffs.

101. Pfizer's and Quigley's conduct has and will prejudice Plaintiffs and has caused Plaintiffs reasonably to believe that Pfizer and Quigley will not perform their contractual obligations to Plaintiffs under the CCC Policies, the CIC Policies, or the LG&A Policy.

102. Plaintiffs have performed all duties under the CCC Policies, the CIC Policies, and the LG&A Policy, and have complied with and fully performed all applicable terms and conditions under the CCC Policies, the CIC Policies, and the LG&A Policy.

103. Pfizer and Quigley should be estopped from enforcing against Plaintiffs any contractual obligation, duty, or right set forth in the CCC Policies, the CIC Policies, and the LG&A Policy including, without limitation, any obligation to pay for Asbestos-Related Claims.

104. Plaintiffs are entitled to all other direct, indirect, consequential, special, and compensatory damages as a result of Pfizer's and Quigley's anticipatory breaches of contract.

## <u>JURY DEMAND</u>

105. Plaintiffs demand a jury trial on all issues appropriate for jury trial.

## PRAYER

106. Wherefore, Plaintiffs pray that after a full trial on the merits, the Court enter judgment in favor of Plaintiffs as follows:

On the First Cause of Action for Declaratory Judgment: (1) for a declaration that the CIC Policies and the LG&A Policy follow form to an asbestos exclusion that is valid and enforceable; and (2) for a declaration that the CIC Policies and the LG&A Policy have no obligation to provide coverage for Asbestos-Related Claims.

Alternately, on the Second Cause of Action for Declaratory Judgment Based on Reformation: (1) for a declaration that the asbestos exclusion incorporated into the CIC Policies and the LG&A Policy was incorporated either by the mutual mistake of Pfizer on the one hand and CIC and LG&A on the other hand, or by the unilateral mistake of CIC and LG&A with knowledge of Pfizer, through its authorized agent(s) or broker(s), that the exclusion was meant to cover all Asbestos-Related Claims; and (2) for a declaration that each of the CIC Policies and the LG&A Policy is reformed to include the following text: "ASBESTOS EXCLUSION: It is agreed that this policy does not apply to any claim alleging exposure to asbestos, the contracting of any asbestos-related disease or injury, or any liability resulting therefrom."

On the Third Cause of Action for Allocation, in the event Plaintiffs are found liable to provide coverage for Asbestos-Related Claims under the CIC Policies and the LG&A Policy, or any of them, Plaintiffs request the Court to enter a judgment apportioning liability for coverage of Asbestos-Related Claims for the applicable policy periods between and among Plaintiffs and defendants.

On the Fourth Cause of Action for Anticipatory Breach of Contract Against Pfizer and Quigley: (1) for a determination that Pfizer and Quigley have waived and are estopped from enforcing the terms of the CCC Policies, the CIC Policies, and the LG&A Policy; (2) for a determination that Plaintiffs have no further obligation for the Asbestos-Related Claims under the CCC Policies, the CIC Policies, and the LG&A Policy; and (3)

for a determination that Plaintiffs are entitled to damages in an amount according to proof.

On all Counts: (1) for a declaration that all parties to this action are bound by the Court's rulings and orders herein; and (2) for a declaration that Plaintiffs are entitled

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

to costs of suit, attorneys' fees, and whatever other relief the Court deems just and appropriate under the circumstances.

Dated: February 21, 2006

Respectfully submitted,

**GOODWIN PROCTER LLP**

By: /s/ Craig P. Druehl
Craig P. Druehl (CD-2657)
599 Lexington Avenue
New York, NY 10022
Telephone: 212-813-8800
Facsimile: 212-355-3333

- and -

Daniel M. Glosband (DG-1944)
Exchange Place
53 State Street
Boston, MA 02109
Telephone: 617-570-1000
Facsimile: 617-523-1231

Rodney L. Eshelman
Elizabeth L. Musser
**CARROLL, BURDICK & MCDONOUGH LLP**
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: 415-989-5900
Facsimile: 415-989-0932

Attorneys for Plaintiffs Continental Casualty Company and The Continental Insurance Company (on its own behalf and as successor to an insurance policy issued by London Guarantee & Accident Company of New York)